UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                         CRIMINAL ACTION

VERSUS                                           NO: 10-102

DERRICK FLEMING                                  SECTION: "S"


ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant Derrick Fleming's Motion and Incorporated

Memorandum to Dismiss Count Four of the Indictment as to Defendant Derrick Fleming (Doc. #52)

is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Derrick Fleming's Amended and Corrected

Motion and Incorporated Memorandum to Dismiss Count Four of the Indictment as to Defendant

Derrick Fleming (Doc. #55) is **DENIED**.

BACKGROUND

On April 15, 2010, Derrick Fleming and Kenric Rodney were charged by the Grand Jury in

a four count indictment with various drug distribution charges.  Count 4 charged that:

> On or about September 15, 2009, in the Eastern District of Louisiana,
> the defendants, **KENRIC RODNEY** aka "Lil Man" and **DERRICK
> FLEMING** aka "Deckie," did knowingly and intentionally distribute
> a quantity [of] cocaine hydrochloride, a Schedule II narcotic drug
> controlled substances, in violation of Title 21, United States Code,
> Sections 841(a)(1) and 841(b)(1)(c) and Title 18, United States Code,
> Section 2.

On July 6, 2011, Fleming filed a motion to dismiss Count 4 as it pertains to him.  He argues that the government represented to the Grand Jury that there was an audio recording evidencing a meeting on September 15, 2009, in which Fleming and Rodney sold cocaine hydrochloride to a confidential source.  Fleming argues that the government's report suggests that audio recording N-17 was used to support Count 4.  Fleming argues that audio recording N-17 contains two conversations, and that his voice cannot be heard in either conversation.  Therefore, he argues that audio recording N-17 does not support the charges against him in Count 4 of the indictment, but rather is exculpatory.[1]

On July 14, 2011, the Grand Jury charged Rodney and Fleming with various drug charges in a superseding indictment.  The superseding indictment adds charges against Fleming in Counts 2 and 3.  Count 4 of the indictment and superseding indictment are identical. The government argues that Fleming's motion to dismiss Count 4 of the indictment should be dismissed as moot because the indictment was superceded, and Fleming has not filed a motion pertaining to the superceding indictment.  The government also argues that the motion should be denied because it would require the court to make a determination of fact, which should be left for the jury.  Further, the government argues that Fleming's voice can be heard on the recording at issue.

---

[1]  On July 7, 2011, Fleming filed an amended motion to dismiss Count 4 of the indictment.  This motion is the same as the one filed on July 6, 2011, except that it changes the references to September 15, 2010, contained in the July 6, 2011, motion to September 15, 2009, as charged in the Count 4 of the indictment.

**ANALYSIS**

Under the Sixth Amendment, an indictment must "(1) enumerate each *prima facie* element of the charged offense; (2) fairly inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions ." U.S. v. Guzman-Ocampo, 236 F.3d 233, 235 (5th Cir.2000) (quoting U.S. v. Gaytan, 74 F.3d 545, 551 (5th Cir.1996)). Similarly, Rule 7(c) of the Federal Rules of Criminal Procedure requires an indictment to contain "a plain, concise and definite written statement of the essential facts constituting the offense charged," and to "state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." These requirements ensure that the defendant has notice of the charges against him and that the grand jury found probable cause that the defendant committed each element of the offense. See Guzman-Ocampo, 236 F.3d at 235. Generally, an indictment that tracts the statutory language of the charged offense is constitutionally sufficient, as long as the statutory language unambiguously sets out all of the necessary elements of the offense. See e.g., U.S. v. Hagemann, 950 F.2d 175, 183 (5th Cir.1991); U.S. v. Gordon, 780 F.2d 1165, 1169 (5th Cir. 1986). An indictment that meets minimal constitutional standards is sufficient to warrant a trial of the charges on the merits. See Costello v. U .S., 76 S.Ct. 406, 409 (1956).  An indictment that meets the sufficiency requirements cannot be challenged on grounds that the allegation are not supported by adequate evidence. United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975). A sufficiency of the evidence defense raises factual questions, and a court cannot dismiss an indictment under Federal Rule of Criminal Procedure Rule

12 based on such a defense. Id. (internal quotation omitted). "There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trail determination of sufficiency of the evidence . . . . The sufficiency of a criminal indictment is determined from its face." U.S. v. Critzer, 951 F.2d 306, 307 (11th Cir.1992). A defendant's first opportunity to test the strength of the government's proof by motion is at the end of the government's presentation of its case. See FED. R. CRIM. P. 29.

Fleming argues that Count 4 should be dismissed because N-17 is exculpatory. After reviewing N-17, and considering it in conjunction with the confidential source's anticipated testimony, the court finds that N-17 is not exculpatory as to Count 4.[2] Further, the court cannot find anything improper in the initiation of the prosecution or a defect in the indictment. Therefore, Fleming's motion to dismiss Count 4 of the indictment and amended and corrected motion to dismiss Count 4 of the indictment are DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Derrick Fleming's Motion and Incorporated Memorandum to Dismiss Count Four of the Indictment as to Defendant Derrick Fleming (Doc. #52) is **DENIED**.

---

[2] The transcript of the tape includes references to actions which allegedly accompanied the conversations. The government must redact the transcripts of N-17 to exclude all statments that are not contained in the recording. Those events may be established through appropriate testimony by witnesses to the conversations recorded on the tape.

**IT IS FURTHER ORDERED** that Defendant Derrick Fleming's Amended and Corrected

Motion and Incorporated Memorandum to Dismiss Count Four of the Indictment as to Defendant

Derrick Fleming (Doc. #55) is **DENIED**.

New Orleans, Louisiana, this ___15th___ day of August, 2011.


_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**